# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELIS NELSON ORTIZ-NIEVES,

      Petitioner,

                                  Case No. No. 2:22-cv-12065

v.                                   Honorable Sean F. Cox

MATT MACAULEY,

      Respondent.

_____/

## ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [ECF NO. 1] WITHOUT PREJUDICE

Petitioner Elis Nelson Ortiz-Nieves, a Michigan state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus through counsel, pursuant to 28 U.S.C. § 2254. Petitioner is challenging his jury trial convictions in the Kent County Circuit Court for first-degree felony murder, Mich. Comp. Laws § 750.316(b); and first-degree child abuse, Mich. Comp. Laws § 750.136b(2). *See* Pet., ECF No. 1, PageID.2; *see also People v. Ortiz-Nieves*, No. 342256, 2019 WL 6247828, at *1 (Mich. Ct. App. Nov. 21, 2019). The trial court sentenced Petitioner as a fourth habitual offender to an 80- to 150-year term of incarceration for the child abuse conviction, to be served concurrently to his life sentence for the murder conviction. *Ortiz-Nieves*, 2019 WL 6247828, at *1. Because the petition is insufficient on its face, it will be dismissed without prejudice.

## I. Background

Petitioner appealed his convictions by right, raising nine issues which included various theories of ineffective assistance of trial counsel, a violation of *Brady v. Maryland*, 474 U.S. 83 (1963), and evidentiary challenges. Pet., ECF No. 1, PageID.2-3. The Michigan Court of Appeals affirmed his convictions in an unpublished opinion. *Ortiz-Nieves*, 2019 WL 6247828, at *8. The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Ortiz-Nieves*, 505 Mich. 1042 (2020).

Petitioner then filed a motion for relief from judgment in the state trial court, raising an additional fifteen grounds. *See* Pet., ECF No. 1, PageID.3-5. Petitioner's effort to obtain collateral relief concluded with the Michigan Supreme Court's denial of his application for leave to appeal on May 3, 2022. *People v. Ortiz-Nieves*, 973 N.W.2d 134 (Mich. 2022). This petition for habeas corpus relief was filed on September 1, 2022. *See* Pet., ECF No. 1.

## II. Discussion

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). If, after

preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that are "frivolous, or obviously lacking in merit[.]" Federal courts may also dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Among other requirements, Rule 2 of the Rules Governing § 2254 Cases directs a habeas petitioner to specify all pertinent grounds for relief and the facts supporting each ground. Rule 2(c)(1), (2); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief."). "Notice pleading" is not sufficient. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (observing that Rule 2 is "more demanding" than Fed. R. Civ. P. 8(a)).

The petition before the Court does not comply with Rule 2(c) and it is thus legally insufficient. It reports the grounds for relief Petitioner raised in the state appellate courts on direct appeal and in a bid for collateral relief, and when the courts ruled on the various pleadings. *See* Pet., ECF No. 1, PageID.2-5. The petition concludes with the generic assertion that Petitioner "is being detained

unconstitutionally because the trial court denied the petitioner's constitutional right to a fair trial in violation of the Sixth and Fourteenth Amendments to the US Constitution for the reasons set forth." Pet., ECF No. 1, PageID.6.

Nowhere, however, does Petitioner explain which, if any, of the grounds for relief he raised in the state courts are the basis for his prayer for habeas corpus relief. Even if Petitioner intended to raise all twenty-four issues in a habeas petition, he provides no supporting facts for any of the listed grounds.

Where a court "is unable to discern the nature of Petitioner's habeas claims[,] the Court has no way to ascertain the errors of fact or law that may be raised in Petitioner's filing [and] the petition is subject to dismissal." *Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006) (citing *McFarland*, 512 U.S. at 856). So it is here: the Court cannot determine what errors of fact or law might entitle Petitioner to habeas corpus relief. The petition does not comply with the requirements of Rule 2(c), and must be dismissed.

However, the dismissal is without prejudice to Petitioner filing a petition that does comply with the pertinent rules. Petitioner has ample time to file a petition without risking the expiration of the one-year statute of limitations under AEDPA. 28 U.S.C § 2244(d). Petitioner's conviction became final on July 28, 2020, when his time to file a petition for certiorari in the United States Supreme Court expired, ninety days after the Michigan Supreme Court denied Petitioner

leave to appeal in his direct appeal. *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000). Petitioner filed his motion for relief from judgment in the state trial court on December 7, 2020, 132 days later. The limitations period was tolled while his motion for collateral relief was pending in the state courts. *See* 28 U.S.C § 2244(d)(2); *Anderson v. Brunsman*, 562 F. App'x 426, 430 (6th Cir. 2014) (citations omitted).

The limitations period began running again after the Michigan Supreme Court May 3, 2022, denied leave to appeal the lower courts' denial of collateral relief.[1] *People v. Ortiz-Nieves*, 973 N.W.2d 134 (Mich. 2022). This petition was filed on September 1, 2022, 120 days later. In total, 252 days of Petitioner's one year limitations period under AEDPA have elapsed. This leaves Petitioner, who is represented by counsel, over three months to file a proper petition in federal district court.

As to the filing of a new petition, the Court cautions Petitioner that he must file in the correct district court. A state prisoner in a state which has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28

---

[1] The Court notes Petitioner bases his assertion of timeliness on the date the Michigan Supreme Court denied relief in his collateral appeal. *See* Pet., ECF No. 1, PageID.6. This is incorrect. Section 2244(d)(1) bases the date of finality of a conviction on "the conclusion of direct appellate proceedings in state court." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

U.S.C. § 2241(d). The petition before the Court was improperly brought in the Eastern District of Michigan.

Petitioner is currently confined at the Bellamy Creek Correctional Facility which is in Ionia County. His convictions were obtained in Kent County Circuit Court. Both Kent and Ionia counties are within the boundaries of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). If at the time Petitioner files a proper petition he is not in custody in the Eastern District of Michigan, the petition must be filed in the Federal District Court for the Western District of Michigan.

### III. Order

For the reasons set forth above, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a new petition compliant with the Rules Governing section 2254 Cases.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). This requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner cannot make this showing. Accordingly, the Court DENIES a certificate of appealability.

6

Because an appeal from this decision could not be made in good faith, the Court will also **DENY** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 15, 2022